IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL ALBRITTON,<br>       Plaintiff, | )<br>)<br>) |
| vs. | )    CASE NO. 18-cv-194-SPS<br>) |
| THE ORDER OF UNITED COMMERCIAL<br>TRAVELERS OF AMERICA,<br>       Defendant. | )<br>)<br>)<br>) |

## AMENDED PETITION

COMES NOW the Plaintiff, Carol Albritton, by and through her attorney, Phil Votaw, of Phil Votaw & Associates, and for this cause of action against the Defendant, The Order of United Commercial Travelers of America, alleges and states as follows.

1. Plaintiff, Carol Albritton, is a resident and citizen of Leflore County, State of Oklahoma and lived there with her husband, Dan Albritton, deceased.

2. Defendant, The Order of United Commercial Travelers of America (hereafter "United"), is an Ohio corporation authorized to do business in the State of Oklahoma with its principal place of business in Columbus, Ohio.

3. That on June 25, 2018, Plaintiff, Carol Albritton, filed the Petition against the Defendant.

4. That the Plaintiff incorrectly identified The Order of United Commercial Travelers of America as United Commercial Travelers and that the case style is revised to correctly identify The Order of United Commercial Travelers of America as its true and correct entity.

3. Defendant, United, regularly conducts business throughout the State of Oklahoma, including Leflore County. Defendant United issues policies, processes claims, and conducts all matters of business through offices and agents located in Leflore County.

1

4. The matter sued on herein occurred in Leflore County, State of Oklahoma.

5. The amount in controversy herein exceeds $75,000 and both jurisdiction and venue are proper.

## FACTS

6. Plaintiff adopts and incorporates herein paragraphs 1 through 5 above, as if more fully stated herein, and further alleges and states as follows:

7. On November 25, 2017 Plaintiff's husband, Dan Albritton, was exiting his car, when he fell and cracked his head on the pavement, resulting in Dan Albritton's death five (5) days later on November 30, 2017, and injuries to Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00)

8. That at all material times herein, Plaintiff was insured pursuant to a contract of insurance with Defendant United that provided, among other things, accidental death insurance coverage for the Plaintiff in the amount of $20,000.00. This contract of insurance was in full force and effect from the time that Plaintiff and her husband bought the policy from Local Council 86 on October 29, 1975 to the time of Plaintiff's loss on November 30, 2017.

9. Thereafter, in accordance with the Defendant's policy provision, the Plaintiff timely notified Defendant United of, among other things, her accidental death claim.

10. That as a result of the November 30, 2017, death of her husband and subsequent denial of her claim, Plaintiff was injured, still suffers pain, and will continue to suffer indefinitely.

11. That Plaintiff has made a demand that Defendant United pay the accidental death policy limits as a result of the November 30, 2017 death of her husband pursuant to the accidental death provision contained in the policy of insurance previously issued by Defendant United to

Plaintiff. Defendant United refused to, among other things, timely and properly investigate, timely and properly evaluate, and timely and properly pay Plaintiff's claim.

## FIRST CAUSE OF ACTION
## BAD FAITH

12.  Plaintiff adopts and incorporates herein paragraphs 1 through 11 above, as if more fully stated out herein, and further alleges and states as follows:

13.  Defendant United violated its duty of good faith and fair dealing by unreasonably and, in bad faith, refusing to pay Plaintiff for a valid claim under the accidental death provision contained in the policy of insurance previously issued by Defendant United to Plaintiff. Defendant United further violated the duty of good faith and fair dealing by unreasonably failing to perform a proper investigation and by failing to evaluate the results of its investigation properly and that Defendant United had no reasonable basis to deny Plaintiff's claim. Defendant United further violated its duty of good faith and fair dealing by negligently supervising this loss.

14.  That Defendant United breached the duty of utmost good faith and fair dealing owed by an insurer to its insured. Defendant United recklessly disregarded its duty to deal fairly and in good faith with its insured. That as a result of Defendant United's bad faith, Plaintiff has suffered actual monetary damages and has also suffered inconvenience, embarrassment, loss of reputation, loss of peace of mind and security, emotional distress, worry, anguish and financial distress in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

15.  Finally, Plaintiff alleges Defendant United's wanton, willful, malicious and/or reckless acts are part of a common plan and/or scheme to disregard its duty to deal fairly and in good faith toward its insureds, such as the Plaintiff, when investigating, evaluating, and failing to pay their first-party insurance claim. The Plaintiff further asserts that insurer:

   a)  was required under the policy to pay the plaintiff's claim;

  b) that United's refusal to pay the claim in full was unreasonable under the circumstances, because it did not perform a proper investigation;

  c) it had no reasonable basis for the refusal;

  d) United did not deal fairly and in good faith with Plaintiff; and

  e) the violation by United of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff.

This was in violation of United's duty to pay claims to their clients in a timely manner that the Oklahoma legislature has codified in title 36, O.S. 1971, § 4405 A8 and affirmed by the Oklahoma Supreme Court, <u>Christian v. American Home Assurance Company</u>, 577 P.2d 899 (1977).

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

16. Plaintiff adopts and incorporates herein paragraphs 1 through 15 above, as if more fully stated herein, and would further allege and state as follow:

17. As a result of the accident on November 30, 2017, Plaintiff suffered a severe, permanent, and debilitating loss.

18. At the time of the accident, Plaintiff was insured through Defendant United for accidental death coverage.

19. As insured, Plaintiff is entitled to timely payment of policy benefits including, but not limited to, accidental death coverage.

20. Defendant United has failed to make timely payment of Plaintiff's accidental death coverage and as such, has breached its contract of insurance with Plaintiff causing her to incur attorney's fees to pursue this action.

## **THRID CAUSE OF ACTION**
### **NEGLIGENCE**

21.  Plaintiff adopts and incorporates herein paragraphs 1 through 20 above, as if more fully stated herein, and would further allege and state as follows:

22.  That the Plaintiff was under the impression that she would be covered in the event of the accidental death of her husband.

23.  That the Plaintiff's losses were caused by the negligence of Defendant United, and Plaintiff in no way contributed to her own losses.

24.  That the denial of coverage and Plaintiff's resulting personal losses were caused and brought about by the negligence and wanton disregard of Defendant United in any and/or all of the following particulars, to-wit:

(a)  That Defendant United was guilty of negligence in that it carelessly, recklessly, and, with gross disregard of the rights of the Plaintiff, failed to fully investigate the cause of the Dan Albritton's death, which was its duty to do.

(b)  That Defendant United was negligent in that it breached its duty to Plaintiff when it failed to devote proper resources, time and attention to its investigation, and its lack thereof resulted in a bad faith denial of coverage and its breach of contract.

(c)  That Defendant United, as a result of this breach of duty to Plaintiff, caused the Plaintiff to suffer unnecessary pain and emotional distress.

(d)  That Defendant in a careless and wanton manner without regard for the duty it owed to its clients, failed to investigate properly resulting in a bad faith denial of the claim thus violating 36 O.S. 1971, § 4405, subd. A, par. 8, 4505 and therefore making guilty of negligence per se.

25.   As a result of the negligence of Defendant United, the Plaintiff was injured resulting in the following elements of damage, both past and future: Pain, suffering, mental anguish, medical expenses, permanent injury, and impairment and loss of quality of and enjoyment of life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Carol Albritton prays for judgment in his favor against the Defendant, United Commercial Travelers, for actual and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), pre-judgment interest, costs, all attorney fees, and all such other relief to which Plaintiff may be entitled, whether prayed for herein or not.

RESPECTFULLY SUBMITTED,

BY: _____
Phil Votaw, OBA #17983
PHIL VOTAW & ASSOCIATES
9 North 9th Street
Fort Smith, AR 72901
(479) 434-6200 Tel.
(479) 649-9700 Fax
phil@votawlaw.com